Accurate Watch & Jewelry Co., Inc. v. Commissioner.
Accurate Watch & Jewelry Co. v. Commissioner
Docket No. 111248.
United States Tax Court
1943 Tax Ct. Memo LEXIS 380; 1 T.C.M. (CCH) 843; T.C.M. (RIA) 43152; March 30, 1943
*380 Harry R. Baker, C.P.A., 77 River St., Hoboken, N.J., for the petitioner. John W. Edwards, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined deficiencies in income and excess-profits taxes against the petitioner for the fiscal year ending July 31, 1940, as follows: Income tax
$1,611.81
Excess profits tax
1,832.28 The petitioner has attacked this determination on several grounds. The only issue submitted is whether the respondent was right in disallowing an asserted deduction of $14,800.06 which was deducted on the return for the taxable year as the total of bad debts properly ascertained as worthless in that year. Findings of Fact Petitioner is a corporation with its principal office at 115 Washington Street, Hoboken, New Jersey. It filed its income and excess-profits tax return for the taxable year with the collector for the Fifth District of New Jersey. The petitioner was engaged in the selling of watches. For about 15 years preceding 1936, it had a contract with the Erie Railroad Company (hereinafter called the "Company"), under which it sold watches to the employees of the Company and, by authorization of *381 the purchasing employees, the Company deducted the purchase price of the articles bought from the compensation due those purchasers as employees and remitted those amounts to the petitioner. In exchange for this contract the petitioner rendered the railroad a certain class of service. In 1936 this contract was terminated, after which petitioner consistently attempted to have it reinstated. About the middle of 1940, petitioner was definitely advised that its contract with the Company would not be reinstated. Upon receiving that advice, petitioner charged off as debts then having become worthless, the amount of $14,800.06. Opinion The respondent disallowed the entire deduction and contests petitioner's right thereto here on the ground that no such debts existed and if they did exist, they did not become worthless during the taxable year. [1]
Of course, petitioner has the burden of establishing that valid subsisting debts to petitioner existed when the charge-off occurred. At the hearing in this proceeding petitioner wholly failed to establish by competent evidence not only the existence of any such debts at the critical time, *382 but that they became worthless during the taxable year. The sole testimony of the petitioner was that of its secretary in connection with which certain letters were received having to do with the efforts of the petitioner to reinstate its contract with the Company. The secretary testified that merchandise was sold to employees of the Company prior to 1936, but did not even identify the persons to whom the sales were made nor the amounts thereof. It may be reasonably inferred that all these sales occurred through the 15 years preceding 1936 during the existence of petitioner's contract with the Company. Nothing appears in the record as to the history of any of these alleged outstanding accounts. How many of these accounts, and their amount, were barred in the taxable year by the six-year statute of limitations in New Jersey[2] is not disclosed. The termination of petitioner's contract with the Company merely deprived petitioner of one means of collecting any existing obligations. And that event, to the happening of which petitioner points as the event grounding the worthlessness and its ascertainment, took place in *383 1936. All in all, we repeat this record is wholly devoid of any testimony upon which we can find either the existence of the alleged debts or that any of them became worthless in the taxable year, assuming that they did exist. Decision will entered for the respondent. Footnotes
1. Revenue Act of 1942, sec. 124 (a)(K)(1) and (d).↩
2. Rev. Stat. of N.J., 1937, Vol. 1, Chap. 24, Sec. 224 (1).↩